**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

BRIAN K. K.,

      Plaintiff,

           v.                          CASE NO. 3:21-CV-00140-MGG

KILOLO KIJAKAZI,

      Defendant.

**OPINION AND ORDER**

Ripe before the Court is an unusual issue related to Plaintiff Brian K. K.'s ("Mr. K.'s") Social Security disability benefits appeal. Pursuant to 42 U.S.C. § 405(g), this Court is typically asked to review unfavorable decisions of Administrative Law Judges ("ALJs") related to claimants' Social Security disability applications after they have been reviewed by the Appeals Council and have reached a final decision of the Commissioner of the Social Security Administration ("SSA"). Mr. K.'s instant appeal to this Court, however, focuses on the Appeals Council's order dismissing his request for review of an ALJ's unfavorable disability benefits decision by finding it untimely. According to Mr. K., the Appeals Council denied review of his appeal without properly addressing his separate request for an extension of time to request review. As discussed below, the Appeals Council's order lacks sufficient clarity for this Court to reach any decision on the merits of the extension issue that Mr. K. now presents. Therefore, with authority to rule on this matter based upon the parties' consent pursuant to 28 U.S.C.

§ 636(b)(1)(B), the undersigned remands this case for further review consistent with this Opinion and Order.

I.      STATEMENT OF FACTS

Mr. K. filed his application for disability benefits on June 27, 2019. His application was denied initially and upon reconsideration. After a hearing, an ALJ issued a decision that Mr. K. was not disabled on August 28, 2020. Along with that decision was a notice that Mr. K. had sixty days to request review of the decision by the Appeals Council. The Appeals Council allows five days for receipt of the notice, giving Mr. K. a total of sixty-five days from the date of the decision to file his request for review, unless a delay in receipt is shown. *See* HALLEX I-3-1-1. The sixty-five-day time period can be extended if the party shows that he had "good cause for missing the deadline." 20 C.F.R. § 404.968(a).

The last day for Mr. K. to file a request to review was November 2, 2020, sixty-five days from the Notice of Decision. Mr. K. claims, and the administrative record supports, that he filed a request for an extension of time to request review on November 6, 2020.[1] Mr. K. asked the Appeals Council for a decision on his request for an extension but stated that if he did not hear back, he would assume the request had been granted. [DE 13 at 18]. Subsequently, on November 19, 2020, assuming his extension request had been granted, Mr. K. filed a brief stating his wish to appeal and explaining alleged

---

[1] Both 20 C.F.R. § 404.968(b) and HALLEX I-3-1-1(E) anticipate that requests for extensions of time could be filed after the deadline to request review has passed.

deficiencies in the ALJ's unfavorable decision.[2] [*Id.* at 14]. On December 22, 2020, the

Appeals Council issued an order dismissing Mr. K.'s request for review, seemingly

without addressing Mr. K.'s initial request for an extension. However, the language of

the order reads as though it *is* dealing with the request for an extension, stating in its

entirety:

> This case is before the Appeals Council on the claimant's request for review of the Administrative Law Judge's decision issued on August 28, 2020. The *request for review filed on November 6, 2020*, was not filed within 60 days from the date notice of the decision was received as required by 20 C.F.R. 404.968(a). The date of receipt of such notice is presumed to be five (5) days after the date of such notice unless a reasonable showing to the contrary is made.
> The regulations provide that the Appeals Council may dismiss a request for review where the claimant has failed to file the request within the stated period of time and the time for filing has not been extended (20 CFR 404.971). The time period will be extended if good cause is shown for missing the deadline (20 CFR 404.968(b)).
> *On November 6, 2020*, the claimant filed an untimely *request for review* [of] The Notice of Decision. The last day to file a request for review [was] November 2, 2020. The Council *has considered the reason for late filing but does not find it to constitute good cause* for late filing of the request for review[.]
> The Appeals Council, therefore, finds that there is *no good cause to extend the time for filing* and, accordingly, dismisses the claimant's request for review. The Administrative Law Judge's decision stands as the final decision of the Commissioner.

[DE 13 at 8 (emphasis added)].

The order only addresses Mr. K.'s November 6 filing, referring to it as a "request

for review," rather than a request for an extension. Mr. K., however, contends that the

November 6 filing was merely a request for an extension and that his November 19

---

[2] The Court takes judicial notice that the COVID-19 pandemic was surging during November 2020, the operative timeframe of Mr. K.'s relevant requests to the Appeals Council.

filing was his request to review. The Appeals Council's order does not address the November 19 filing explicitly, despite the language referencing a request for review. Furthering the confusion, the order states that "there is no good cause to extend the time for filing," as if the Council is recognizing the request for an extension. In her briefs here, the Commissioner refers to the November 6 document exclusively as a request to review and does not seem to consider whether there was a request for an extension. There is significant misunderstanding about what each of Mr. K.'s filings is and how they should have been addressed by the Appeals Council.

## II.   DISCUSSION

As laid out, this case presents a confused and rather disjointed procedural dispute. Though Mr. K.'s requests that the Court either permit briefing on the merits of the ALJ's decision or issue a ruling that Mr. K.'s request for review was timely filed, the Court is unable to make either determination based on the Appeals Council's vague order. The language of the order is such that we cannot determine whether the Appeals Council ruled on the request for an extension of time or the request for review or both.

Two issues make this distinction important. First, the Commissioner contends that there could be a question as to Mr. K.'s right to judicial review depending on what the Council's order was deciding. Second, Mr. K. argues that the Appeals Council did not adequately consider whether he had good cause for filing his request for review after the November 2 deadline.

### A.      Mr. K.'s Right to Judicial Review

Which of Mr. K.'s requests the Appeals Council addressed—extension, review, or both—is relevant for purposes of determining whether he has a right to judicial review of the Appeals Council's December 2020 decision. "Where . . . a claimant has received a claim-ending timeliness determination from the agency's last-in-line decisionmaker after bringing his claim past the key procedural post (a hearing) mentioned in § 405(g), there has been a 'final decision . . . made after a hearing' under § 405(g)." *Smith v. Berryhill*, 139 S. Ct. 1765, 1777 (2019).

Therefore, if the Appeals Council's order here is truly a dismissal of Mr. K.'s request to review for untimeliness, then it is a final decision of the Commissioner subject to judicial review. However, as the Commissioner points out, the law is not clear as to whether a refusal to grant an extension of time for lack of good cause is itself a final decision subject to judicial review under 42 U.S.C. § 405(g).

Social Security regulations state that a denial of "a request to extend the time period for requesting review of a determination or decision" by the Appeals Council is "*not* subject to judicial review." 20 C.F.R. § 404.903(j) (emphasis added). These regulations, however, appear to conflict with decisions of the Supreme Court and the Seventh Circuit Court of Appeals. As noted above, the *Smith* Court held that dismissals for claim-ending untimeliness are reviewable. *Smith*, 139 S. Ct. at 1777. Additionally, the Seventh Circuit has held that good cause determinations by the Appeals Council under 20 C.F.R. § 404.968(b) are also reviewable. *See Boley v. Colvin*, 761 F.3d 803, 808 (7th Cir. 2014) (remanding "with instructions to decide whether substantial evidence, and

5

appropriate procedures, underlie the decision that [the claimant lacked] 'good cause'
for her delay in seeking intra-agency review.").[3] Adding to the confusion is the cover
letter sent to Mr. K. with the Appeals Council's decision dated December 22, 2020,
which states that federal court review of the decision *was* available. [DE 13 at 5 ("If you
disagree with our action, you may ask for court review of our dismissal of your request
for review by filing a civil action.")].

Unfortunately, the Court cannot even begin to decide how to navigate this
murky legal authority on jurisdiction because the Appeals Council's decision in Mr. K.'s
case is vague and confusing as to its procedural grounds. Reviews of dismissals on
timeliness grounds should be "restrict[ed] to the procedural ground that was basis for
the Appeals Council dismissal. . . ." *Smith*, 139 S. Ct. at 1780.

**B.     Good Cause Determination**

The Appeals Council dismissed Mr. K.'s request for review of the ALJ's decision
for untimeliness implying some resolution of the November 6 request for an extension.
Playing into that inference is the fact that the Appeals Council also found "no good
cause to extend the time for filing." [DE 13 at 8]. However, the record before the Court
raises potential procedural issues with the Appeals Council's purported good cause
evaluation. First, the Appeals Council does not appear to have accounted for the
agency's directives for good cause extensions during the COVID-19 pandemic. Second,

---

[3] This holding was applied in *Craven v. Colvin*, though that court pointed out that ". . . it would have been
helpful for the Seventh Circuit to explain how its decision in *Boley* can be squared with the
Commissioner's regulations classifying certain actions as not subject to judicial review." *Craven v. Colvin*,
No. 16-CV-53-WMC, 2017 WL 28094, at *4 (W.D. Wis. Jan. 3, 2017).

the Appeals Council seems to have failed to solicit an explanation from Mr. K.

regarding his untimely filing as it is directed under the agency's established policies.

### 1. Agency Directives About Extensions During the COVID-19 Pandemic

In briefing the issues now before this Court, Mr. K. provides multiple examples

suggesting that during the height of the COVID-19 pandemic, the SSA's interpretation

of "good cause" related to the timely filing of applications, the submission of evidence,

appeals, hearings, and continuing disability reviews was supposed to be liberal. For

instance, Mr. K. notes that on June 22, 2020, the SSA published an emergency message

directing its "adjudicators to 'apply maximum flexibility' when deciding whether

claimants met deadlines or had good cause for missing." [DE 19 at 7 (quoting EM-20010

SEN REV 3)]. Though this message was not public, SSA's Director of the Office of

Strategic Communications spoke to the National Organization of Social Security

Claimants' Representatives ("NOSSCR") and explained that "this Emergency Message

updates our good cause policy to allow for the extension of automatic good cause." [DE

19 at 7 (quoting *Practice Tips for the Pandemic*, Soc. Sec. F., June 2020, at 1, 6–7). Based on

these representations, it may have been reasonable for Mr. K.—or especially his

counsel—to anticipate, or even assume, that the Appeals Council would find good

cause and extend the time period for Mr. K. to request review. Furthermore, the record

provides no explanation as to the weight the Appeals Council gave, or did not give, to

the pandemic-related emergency message in considering Mr. K.'s extension request.

## 2. Solicitation of Explanation of Delayed Request for Review

Claimants seeking additional time to appeal an ALJ's decision are required to provide the Appeals Council with "the reasons why the request for review was not filed within the stated time period." 20 C.F.R. § 404.968. However, the Hearings, Appeals, and Litigation Law Manual ("HALLEX") that governs SSA conduct provides that "[w]hen an explanation for an untimely filing is not in the file, Office of Appellate Operations (OAO) staff will prepare a letter to the claimant and representative, if any, requesting an explanation for untimely filing . . . ." *See* HALLEX I-3-4-2(B). Moreover, in determining whether good cause for an extension exists, the Appeals Council must consider:

> (1) What circumstances kept [the claimant] from making the request on time;
>
> (2) Whether [the agency's] action misled you;
>
> (3) Whether [the claimant] did not understand the requirements of the [Social Security] Act resulting from amendments to the Act, other legislation, or court decisions; and
>
> (4) Whether [the claimant] had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented [the claimant] from filing a timely request or from understanding or knowing about the need to file a timely request for review.

20 C.F.R. § 404.911(a).

Here, Mr. K.'s November 6 extension request offered no reasons for the delayed filing. Yet nothing in the record suggests that the OAO solicited any explanation for the delay from Mr. K. Moreover, the only evidence of good cause that the Appeals Council

notes having considered in reaching its decision was one sentence in Mr. K.'s November 6 filing stating that his attorney "recently met with [Mr. K.] and he asked me to pursue his appeal." [DE 13 at 18].[4] While this statement may be a circumstance that prevented Mr. K.'s counsel from filing a request for review, it says nothing about the circumstances surrounding Mr. K.'s own delay in pursuing an appeal. Thus, in keeping with HALLEX I-3-4-2, it seems that the Appeals Council should have solicited an explanation for his delay from Mr. K. before making a good cause determination.

Agencies are required to adhere to their own procedures and regulations. *See, e.g., Vitarelli v. Seaton*, 359 U.S. 535, 539–540 (1959); *Morton v. Ruiz*, 415 U.S. 199, 235 (1974). It is not evident from the record here that the Appeals Council paid careful attention to their own established procedures in Mr. K.'s case. As a result, the basis of the Appeals Council's good cause determination seems weak at best and lacks any clear consideration of the good cause factors set forth in 20 C.F.R. § 404.911.

Without a clearly supported good cause determination from the Appeals Council, the Court can only guess as to whether the Appeals Council's order is a dismissal on the merits of Mr. K.'s November 19 request for review or an order finding good cause did not exist to grant Mr. K.'s November 6 request for an extension.

---

[4] Note that HALLEX I-3-1-1(A) provides in Note 1 that a request for review may be implied. This happens when "the claimant expresses disagreement or dissatisfaction with the ALJ's action or states the intent to pursue appeal rights." Mr. K.'s letter did state that he wished to pursue an appeal. If the Appeals Council did take that one sentence and classify the entire November 6 filing as a request for review instead of a request for an extension, then the Council ignored the substance and core objective of that letter.

**III.     CONCLUSION**

Thus, for the reasons stated above, the Court is unable to reach any decision on

the merits of this case. Accordingly, this case is **REMANDED** to the Appeals Council

for further review consistent with this Order.

**SO ORDERED** this 1st day of March 2023.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
